**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Harris,                )<br>                              )<br>           Plaintiff,      )<br>                              )<br>     v.                        )<br>                              )<br>Joseph Arpaio, as Sheriff of Maricopa )<br>County,                      )<br>                              )<br>           Defendant.    )<br>_____) | CV-06-1523-PHX-JWS (LOA)<br><br>BRIEFING ORDER |

On October 23, 2006, Defendant Sheriff Joseph Arpaio filed a Motion to Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure, for failure to exhaust prison administrative remedies as mandated by 42 U.S.C. §1997e(a). Plaintiff is advised of the following provisions of Rule 7.2(i), LRCiv, Rules of Practice of the United States District Court for the District of Arizona, effective December 1, 2005:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

**It is plaintiff's obligation to timely respond to all motions. The failure of plaintiff to respond to defendants' motion to dismiss may in the discretion of the court be deemed a consent to the granting of that motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to Rule 7.2(i), LRCiv., Rules of Practice of the United States District Court**

**for the District of Arizona.  See, Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994).**  This means the case is over.

If Defendant's Motion to Dismiss seeks dismissal of your Complaint for your failure to exhaust all available administrative remedies as required by 42 U.S.C §1997e(a), the Court may consider sworn declarations or other admissible documentary evidence beyond your Complaint. Moreover, if Defendant produces admissible evidence demonstrating that you failed to exhaust your administrative remedies, your Complaint will be dismissed without prejudice unless you produce copies of your grievances and grievance appeals or other admissible evidence sufficient to show that you did exhaust all available administrative remedies.

IT IS THEREFORE ORDERED:

1.  That plaintiff shall have until **December 11, 2006** within which to respond to defendant's Motion to Dismiss.

2.  That defendant shall have until **January 5, 2007** within which to file a reply.

3.  That the motion shall be deemed to be ready for decision without oral argument on the day following the date set for filing the reply unless otherwise ordered by the Court.

DATED this 24th day of October, 2006.

Lawrence O. Anderson
United States Magistrate Judge